UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO, <br>     Plaintiff, <br> v. <br> THERESA CISNEROS, <br>     Defendant. | Case No. 21-cv-05534-EMC <br><br> **ORDER OF DISMISSAL IN PART; ORDER OF TRANSFER** |

Robert Trevino, an inmate currently housed at the Substance Abuse Treatment Facility in Corcoran, California ("SATF"), filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Docket No. 1 ("Petition").

The Petition challenges a 2012 disciplinary decision imposed at a prison within this District. *See* Pet. at 3. However, Mr. Trevino states on the face of the Petition that he did not lose any good-time credits as a result of the 2012 disciplinary decision. *See id*. at 2-3, 5. As this Court has already explained, because "the only discipline imposed [as punishment for the 2012 disciplinary decision] was a SHU term," "Mr. Trevino's only potential recourse in federal court is to file a section 1983 complaint." Docket No. 34 at 2, 3, *Trevino v. Beard*, Case No. 3:15-cv-04837-EMC (N.D. Cal. Nov. 23, 2016) ("*Beard*") (dismissing habeas petition); *see also* Pet. at 1 (conceding that the instant Petition challenges the same disciplinary decision as *Beard*, and that Beard was dismissed because petitioner did not raise a cognizable claim).[1] Because the challenge

---

[1] The Court notes that in 2015, Mr. Trevino filed a section 1983 complaint challenging the 2012 disciplinary decision. *See* Pet. at 1-2 (stating Mr. Trevino filed a 2015 civil rights action in this

to the 2012 disciplinary decision is not a cognizable habeas claim, Mr. Trevino's claim challenging the 2012 disciplinary decision is **DISMISSED**.

Mr. Trevino also appears to challenge the denial of parole. *See* Pet. at 8 (referring to a Parole Board decision of Feb. 24, 2017). A petition which challenges a decision denying parole is a challenge to the execution of a sentence. *See United States v. Nicholas*, 15 F.3d 1093 (9th Cir. 1994) (unpublished) ("[Prisoner] is clearly challenging the manner of execution of his sentence because he argues that the Parole Commission erred in denying him parole."); *United States v. Brewer*, 37 F.3d 1506 (9th Cir. 1994) (unpublished) ("[Prisoner] clearly raises an issue concerning the manner of execution of his sentence by challenging the Parole Commission's decision."). Thus, Mr. Trevino's sole remaining claim goes to challenge the execution of his sentence and may be brought as a habeas petition.

Venue is proper in a habeas action in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). However, the district of confinement is the preferable forum to review the execution of a sentence. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) (where a prisoner challenges the execution of his sentence, the proper respondent is the custodian of the institution where the prisoner is currently held); *Thomas v. United States*, 50 F.3d 16 (9th Cir. 1995) (unpublished) ("[Prisoner's] parole claim, however, challenged the manner of execution of his sentence and could only be considered by the district court with jurisdiction over [prisoner's] custodian."). Mr. Trevino is incarcerated at SATF, an institution in Kings County, which lies within the venue of the Eastern District of California. Because Mr. Trevino is confined in the Eastern District of California and challenging the execution of his sentence, pursuant to 28 U.S.C. § 1404(a) and Habeas L.R. 2254-3(b), and in the interests of justice, this action is **TRANSFERRED** to the United States District Court for the

///

///

---

District); *see also* Docket No. 112, *Trevino v. Dotson*, Case No. 15-5373-PJH (N.D. Cal. Oct. 6, 2017) (granting defendants' motion for summary judgment without prejudice, because plaintiff had failed to exhaust his claims). To the extent Mr. Trevino seeks to reopen that civil rights action, he should file a motion to reopen in that case, rather than filing a new habeas petition.

1 Eastern District of California. This Court takes no position on whether Mr. Trevino's parole claim
2 is cognizable or timely.
3   The Clerk shall transfer this matter forthwith.

**IT IS SO ORDERED**.

Dated: February 1, 2022

_____
EDWARD M. CHEN
United States District Judge