# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>                 Petitioner,<br><br>         v.<br><br>THERESA CISNEROS, Warden,<br><br>                 Respondent. | Case No.  1:22-cv-00136-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[30-DAY OBJECTION DEADLINE] |

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison.  In this habeas petition, he challenges a disciplinary hearing held on March 21, 2012, in which he was found guilty of assault on an inmate with weapon capable of causing serious bodily injury.  Trevino v. Beard, Case No. 3:15-cv-04837-EMC (N.D. Cal. 2016) (ECF 34 at 1).  The Court has conducted a preliminary review of the petition and finds that Petitioner fails to state a cognizable federal claim, the petition is successive, and it is clear that Petitioner is not entitled to habeas relief.  Therefore, the Court will recommend the petition be **SUMMARILY DISMISSED**.

## DISCUSSION

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.   Facts[1]

On July 15, 2011, Correctional Officer E. Dotson was assisting in the release of Housing Unit A-4 inmates from the morning meal in the dining hall. Dotson heard the Yard Observation Gunner announce for the yard to get down.  Dotson scanned the yard and saw Petitioner and Inmate Sanchez fighting in front of Housing Unit A-1.  Dotson saw Petitioner make what appeared to be either stabbing or slashing motions toward Sanchez.  Dotson ordered the inmates to stop and get down, but they refused and continued to fight.  Office D. Vega used two applications of OC Pepper Spray to the face and upper torso areas of both inmates, at which time they ceased their actions and proned out.  Both inmates were then placed into handcuffs and escorted off the yard.  Dotson conducted a search of the immediate area and discovered a toothbrush on the ground that had a razor blade melted into one end of it. The evidence was secured and processed.  Inmate Sanchez was noted to have cut/laceration/slash to the right side area of his face.

C.   Procedural History

On March 21, 2012, a disciplinary hearing was held. (Doc. 1 at 20.)  Petitioner was found guilty of assault on an inmate with weapon capable of causing serious bodily injury.  (Doc. 1 at 21-22.)  The hearing officer acknowledged that all time constraints had *not* been met.  (Doc. 1 at 21.)  The discipline imposed consisted of a 12-month term in the security housing unit, and that term ended on or about July 15, 2012.  Trevino v. Beard, Case No. 3:15-cv-04837-EMC (N.D. Cal. 2016) (ECF 34 at 1).  Because time constraints had not been met, there was no credit forfeiture.  (Doc. 1 at 17.)

---

[1] The facts are derived from the Rules Violation Report attached by Petitioner to his petition.  (Doc. 1 at 20-22.)

1    D.    Failure to State a Cognizable Federal Claim

2        The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

3        The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
     entertain an application for a writ of habeas corpus in behalf of a person in custody

4    pursuant to a judgment of a State court *only on the ground that he is in custody in
     violation of the Constitution or laws or treaties of the United States.*

5

6    (emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United

7    States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack

8    by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475,

9    484 (1973).

10        To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the

11    adjudication of his claim in state court

12        (1) resulted in a decision that was contrary to, or involved an unreasonable
     application of, clearly established Federal law, as determined by the Supreme Court

13    of the United States; or (2) resulted in a decision that was based on an unreasonable
     determination of the facts in light of the evidence presented in the State court

14    proceeding.

15    28 U.S.C. § 2254(d)(1),(2).

16        Petitioner contends he was wrongly found guilty of a CDCR-115 Rules Violation.

17    However, none of the sanctions imposed affect the length or duration of his sentence. "Because

18    success on [his] claims would not necessarily lead to his immediate or earlier release from

19    confinement, [his] claim does not fall within 'the core of habeas corpus.'" Nettles v. Grounds,

20    830 F.3d 922, 935 (9th Cir. 2016) (quoting Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011).

21    Thus, the petition must be dismissed.

22    E.    Successive Petition

23        Petitioner has previously challenged the instant prison disciplinary proceeding in a petition

24    filed in the Northern District of California. See Trevino v. Beard, Case No. 3:15-cv-04837-EMC

25    (N.D. Cal. 2016). In that case, the petition was dismissed for failure to state a claim for the same

26    reasons discussed above.

27        A federal court must dismiss a second or successive petition that raises the same grounds

28    as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive

petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the guilty finding.  As a result, this Court has no jurisdiction to consider Petitioner's renewed application for relief under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 7, 2022**                            _/s/ Sheila K. Oberto_
                                                        UNITED STATES MAGISTRATE JUDGE